**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHRISTOPHER LUBE**                                                                                   **PLAINTIFF**

**VS.**                                           **4:09-CV-00063-WRW**

**TRAVELERS INDEMNITY COMPANY**                                                 **DEFENDANT**

**ORDER**

  **A.**  **Motion in Limine Re: No Criminal Charges**

Defendant asserts that Plaintiff should be prohibited from arguing or presenting evidence "that Plaintiff has not been arrested, indicted, or convicted of arson, and that no other person has been arrest, indicted, or convicted of arson."[1] Eighth Circuit precedent is that "[a]s a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges."[2] Based on that precedent, and after considering the Honorable G. Thomas Eisele's analysis in later cases,[3] Defendant's Motion in Limine (Doc. No. 31) is GRANTED.

  **B.**  **Motion in Limine Re: Previously Undisclosed Witnesses**

Defendant contends that Plaintiff should be prevented from presenting evidence from any witness not previously disclosed or documents not previously identified or produced. Defendant's motion (Doc. No. 33) is MOOT, since I intend to follow Federal Rules of Evidence and Civil Procedure.

---

[1] Doc. No. 31.

[2] *Goffstein v. State Farm Fire & Casualty Company*, 764 F.2d 522, 524-25 (8th Cir. 1985) (holding that the evidence of the decision not to prosecute the insured was inadmissible on the issue of whether the fire had been intentionally set).

[3] See *Warren v. State Farm Fire & Casualty Company*, No. 3:05-CV-00260-GTE, 2007 WL 158741 (E.D. Ark. Jan. 17, 2007); *Brawner v. Allstate Indem. Co.*, No. 4:07-CV-00482-GTE, 2008 WL 110921 (E.D. Ark. Jan. 9, 2008).

**C.     Motion and Amended Motion in Limine Re: Blaming Fire on a Third Party**

Defendant asserts that Plaintiff should be precluded from presenting evidence that attempts to blame a third party for setting the fire, because it is "based solely on speculation."[4] Specifically, Defendant asserts that "Plaintiff has no circumstantial or direct evidence to show that Billy Cason or Ron Cason were involved with the arson to Plaintiff's house."[5]

It appears that Plaintiff's "evidence" that the Cason's burned Plaintiff's house is too tenuous to be admissible. Even if Plaintiff can chin the bar on relevance, this information would not admitted under Federal Rule of Evidence 403, absent a more concrete nexus. Defendant's Motion and Amended Motion in Limine (Doc. Nos. 35, 63) are GRANTED.

**D.     Plaintiff's Motion and Amended Motion in Limine Re: Financial Difficulties**

Plaintiff asserts that Defendant should not be allowed to present evidence that "Plaintiff has had financial difficulties because he was unable to sell his home and that he has filed for bankruptcy in the past.[6] Defendant argues that while this evidence may be prejudicial, its probative to the extent that it provides evidence of motive for Plaintiff to start the fire or having someone start it for him. Since evidence of financial distress may be used to establish motive for arson of an insured property,[7] Plaintiff's Motion and Amended Motion in Limine (Doc. Nos. 43, 49) are DENIED. It appears, however, that the 2001 bankruptcy is too remote and evidence of it is precluded.

IT IS SO ORDERED this 28th day of December, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[4] Doc. No. 36.

[5] Doc. No. 65.

[6] Doc. No. 43.

[7] See *Kostelec v. State Farm Fire and Casualty Co.*, 64 F.3d 1220 (8th Cir. 1995).